# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD JEROME FISHER, | ) | 1:05-cv-00388-REC-TAG HC |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| PAUL M. SCHULTZ, Warden, | ) | ORDER DENYING APPLICATION FOR ORDER TO FORTHWITH AWARD WRIT OR ISSUE ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED (Doc. 4) |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

Petitioner filed the instant federal petition on March 24, 2005. (Doc. 1). Petitioner asserts a claim of actual innocence to the sentence of life imprisonment imposed by the United States District Court for the Northern District of Texas in 1992, pursuant to 18 U.S.C. § 841(b)(1)(A). (Id. at p. 1). Section 841(b)(1)(A) provides for an enhanced life sentence where the defendant has two or more prior drug convictions. Petitioner contends that in 2001, the Los Angeles County Superior Court ("Superior Court") ordered one of the two predicate felony convictions used to enhance Petitioner's 1992 sentence reduced to a misdemeanor. Accordingly, Petitioner claims that he is now actually innocent of the enhancement, i.e., that he does not have two prior felony drug convictions upon which his life sentence may be enhanced.

1   On June 3, 2005, Petitioner filed an application requesting that the Court either
2 immediately grant his habeas petition or issue to Respondent an order to show cause why the
3 petition should not be granted. (Doc. 4).

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegation of actual innocence based upon the judicial determination of the Superior Court is a claim that challenges the validity of his federal sentence imposed by the United States District Court for the Northern District of Texas. Thus, Petitioner is precluded from raising this claim in a petition filed pursuant to § 2241.

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has

1  recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
2  (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
3  motion to demonstrate that § 2255 is inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5
4  (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate);
5  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63
6  (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition
7  inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d
8  582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001)
9  (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28
10 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or
11 ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

12      In this case, Petitioner's direct challenge to his sentence is inappropriately raised in a
13 petition filed pursuant to § 2241.  Petitioner states that he seeks relief pursuant to § 2241 because
14 "the AEDPA amendments to 28 U.S.C. § 2255 denies him any opportunity to obtain judicial
15 determination and rectification of the fundamental defect in his sentence when he has never had
16 any unobstructed procedural shot at presenting his actual innocent claim... ." (Doc. 1, p. 3).
17 Thus, Petitioner contends that § 2255 is "inadequate or ineffective."  (Id.)

18      Petitioner has provided no facts or circumstances showing that § 2255 is either
19 inadequate or ineffective.  Petitioner has not shown that he did not have an opportunity to present
20 his claim in a prior § 2255 motion.  Indeed, Petitioner does not allege that he has ever attempted
21 to proceed via § 2255 during the nearly four years that have elapsed since the Superior Court
22 reduced Petitioner's prior conviction to a misdemeanor in 2001.  Petitioner contends only that he
23 filed at least one unsuccessful § 2255 motion after his sentence was affirmed, and that the United
24 States District Court for the Northern District of Texas "repeatedly refuse to allow the Petitioner
25 utilize section § 2255." (Doc. 1, Memorandum, pp. 1, 8).
26 ///
27 ///
28 ///

Petitioner's prior efforts to modify his sentence in the sentencing court appear to be the subject of at least one federal decision: <u>United States of America v. Ronald Jerome Fisher</u>, 264 F.Supp. 2d 468 (N.D. Texas, May 6, 2003).[1]  The Court takes judicial notice of the date and existence of the decision, wherein Petitioner's claim of actual innocence of aggravating factors used to enhance his sentence was the subject of a "Motion for Modification of an Imposed Term of Imprisonment."[2]  The District Court denied Petitioner's motion to modify his sentence, alternatively construed it as a successive motion for post-conviction relief under 28 U.S.C. § 2255,  and dismissed the motion without prejudice for failure to obtain authorization from the court of appeals.

Petitioner's lack of success in his prior efforts to modify his sentence does not mean that he did not have an opportunity to obtain judicial correction of an alleged defect in his sentence, or that § 2255 is inadequate or ineffective to test the validity of his detention.  Petitioner's remedy under § 2255 is not rendered inadequate or ineffective because his previous collateral attacks have been unsuccessful or because he cannot meet the strict procedural requirements for filing a successive § 2255 petition.  <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999).  Similarly, § 2255 is not inadequate or ineffective merely because a particular petitioner's § 2255 motion is procedurally barred.  <u>Id</u>. at 1055.  Further, § 2255 is not inadequate or ineffective because a petitioner misses the statute of limitations.  <u>Id</u>.

 Should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the court where he was originally sentenced.

///

---

[1] Petitioner's Bureau of Prisons prisoner number is 20604-077 (Doc. 1), which is the identical BOP prisoner number for the defendant in <u>United States v. Ronald Jerome Fisher</u>, 264 F.Supp. 2d 468 (N.D. Texas 2003).

[2] Federal Rules of Evidence Rule 201 allows the Court to take judicial notice of orders and decisions of other courts. <u>Papai v. Harbor Tug and Barge Co.</u>, 67 F.3d 203, 207 fn 5 (9th Cir. 1995) (citations omitted), rev'd on other grounds, 520 U.S. 548, 117 S. Ct. 1535 (1997); <u>United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.</u> 971 F.2d 244, 248 (9th Cir. 1992) (federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citations omitted).

1    In light of the foregoing, Petitioner's request for a reduction of his sentence to a term of
2 ten years must be denied, and the instant petition must therefore be DISMISSED.
3    Further, in light of the Court's recommendation, Petitioner's application for an order
4 granting the petition or for an order directing Respondent to show cause why the petition should
5 not be granted, is moot and must therefore be DENIED.

## RECOMMENDATION

In light of the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

## ORDER

In light of the foregoing, it is HEREBY ORDERED that Petitioner's Application for Order to Forthwith Award the Writ or Issue an Order Directing the Respondent to Show Cause Why the Writ Should Not Be Granted (Doc. 4), is DENIED as MOOT.

IT IS SO ORDERED.

**Dated:   June 24, 2005**          /s/ Theresa A. Goldner
j6eb3d                              UNITED STATES MAGISTRATE JUDGE

5